**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brian MacDermant, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-001046

---

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-019
Submitted January 1, 2020 – Filed January 29, 2020

---

**AFFIRMED**

---

Brian MacDermant, of Beaufort, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:** Brian MacDermant appeals a circuit court order affirming his conviction in magistrate's court for third-degree assault and battery. On appeal, he argues (1) the magistrate violated his due process rights by failing to take corrective action when the victim's wife interrupted the proceeding, (2) the

magistrate should have granted MacDermant a continuance to retain an attorney, (3) the magistrate erred in refusing to allow MacDermant to introduce a prior statement given by the victim to show the victim committed perjury, and (4) the circuit court should have recused itself from deciding MacDermant's appeal because it demonstrated bias toward the victim. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the magistrate violated MacDermant's due process rights by failing to take corrective action when the victim's wife interrupted MacDermant's cross-examination of the victim: *State v. Sheppard*, 391 S.C. 415, 421-22, 706 S.E.2d 16, 19 (2011) ("Our law is clear that a party must make a contemporaneous objection that is ruled upon by the trial judge to preserve an issue for appellate review."); *Indigo Assocs. v. Ryan Inv. Co.*, 314 S.C. 519, 523, 431 S.E.2d 271, 273 (Ct. App. 1993) ("The circuit court, acting as an appellate court in a case heard by the magistrate, cannot consider questions that have not been presented to the magistrate.").

2. As to whether the magistrate should have granted MacDermant a continuance to retain an attorney: *Plyer v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) ("The grant or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record."); *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support.").

3. As to whether the magistrate erred in refusing to allow MacDermant to introduce a prior statement by the victim to support his claim that the victim committed perjury: *State v. Stanko*, 376 S.C. 571, 575, 658 S.E.2d 94, 96 (2008) (stating a challenge to a trial court's ruling is not preserved for appellate review if the appellant has accepted the ruling and does not contemporaneously make an additional objection).

3. As to whether the circuit court demonstrated bias toward the victim and should have recused itself from adjudicating MacDermant's appeal of his conviction: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1988) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.